Jesse Alexander (Pro-Se)

Jesse Alexander
1025 104th Ave
Oakland, CA 94604

jalexander051983@gmail.com

(Plaintiff Pro-Se)

FILED NP
APR 25 2022 
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jesse Alexander<br><br>　　　Plaintiff,<br>　vs.<br>Sheriff Gregory Ahern & Deputy Richard Robert Ujdur III<br><br>　　　Defendants | C22-02548<br><br>Complaint<br><br>(42 U.S.C.§ 1983 Civil Rights Action)<br><br>Honorable Judge; |

Dated this 19th day of April, 2022

By Jesse Alexander

1025 104th Ave

Oakland, CA 94604

(Plaintiff Pro-Se)

## I. INTRODUCTION

This is a civil rights complaint for declaratory relief & brought over the use of unreasonable, unnecessary and excessive force in violation of the legal rights of plaintiff Jesse Alexander while he was incarcerated at the Santa Rita Jail by defendants Sheriff Gregory Ahern who is presiding Sheriff of The Alameda County Sheriff's Office at the time of the incident. Deputy Richard Robert Ujdur III who was the Deputy who unnecessarily used excessive force on plaintiff Jesse Alexander

## II Definitions

The following definitions apply to the terms of this complaint unless explicitly stated to the contrary. Any term not expressly defined in this section or elsewhere in this complaint that has an expressly defined meaning under The U.S. Constitution, 8th Amendment, These terms are frequently used interchangeable herein, all other terms shall be interpreted according to their plain and ordinary meaning.

"Ujdur" refers to Deputy Richard Robert Ujdur III

"SH" Sheriff Gregory Ahern

"ACSO" refers Alameda County Sheriff's Office

"SRJ" refers to Santa Rita Jail

## III Jurisdiction & Venue

This is a civil rights action under 42 U.S.C.§ 1983 to redress the deprivation under color of state law of rights, privileges and immunities guaranteed by the 8th Amendment of the United States Constitution.

This court has jurisdiction pursuant to 28 U.S.C.§ 2201 and rule 57 of the federal rules of civil procedure. Venue is proper in the Northern District of California under 28 U.S.C.§ 1391 (b)(2) because all of the events giving rise to the claim occurred at Santa Rita Jail, located at 5325 Broder Blvd, Dublin, CA 94568, within the Northern District Jurisdiction.

## IV Parties

Plaintiff Jesse Alexander was at all times relevant to this action a inmate incarcerated at SRJ in 9-building A-pod which houses the severely mentally ill.

Defendant Deputy Richard Robert Ujdur III was at all relevant times a Overtime Housing Deputy at Santa Rita Jail working 9-building and or A-pod and is sued in his individual and official capacity

Defendant Sheriff Gregory Ahern was at all relevant times the Sheriff presiding over ACSO, its staff and Santa Rita Jail and was and is responsible for establishing procedures, supervising, disciplining, and providing necessary training for all correctional officers and staff employed at Santa Rita Jail. Defendant Sheriff Gregory Ahern is sued in his official and individual capacity.

## V Factual Allegations

Plaintiff Jesse Alexander has a mental disability with a diagnosis of PTSD, Bipolar Disorder & Depression and was housed in unit 9, A-pod for the duration of his time in Santa Rita Jail. Housing unit 9 in the Behavioral Health Unit and A-pod is used to house the severely mentally ill, while more functional inmates are housed in pods B-F. It is important to note the culture of how Administrative staff and Staffing Sergeants make decisions on who to put in housing unit 9 and Santa Rita Jail in general. Decisions on who to put in housing unit 9, (Behavioral Health Unit) are lackluster to say the least. Administration sticks anybody and everybody in housing unit 9 when in reality being that it is the Behavioral Health Unit, each Deputy that is chosen to work there should be screened, pre-qualified, and specially trained on how to work with mentally ill inmates and or how to de-escalate situations with mentally ill inmates as opposed to pulling out tazers and batons at the first sign of conflict or distress. Unfortunately this is not the reality and more often then not rookies fresh out of the academy work housing unit 9 which creates an extremely dangerous and unstable housing and working environment. There is never a supervising Deputy to monitor rookies and or in general to oversee staff for a particular shift. It is a free for all with most Deputies exhibiting extremely lazy and incompetent behavior. Another dangerous, wreck less and incompetent decision by Administration is to place overtime Deputies in housing unit 9. Overtime Deputies like defendant Ujdur are known to be extremely

intolerant to inmates with mental illness and people in general as well as being extremely lazy. Deputy Ujdur on multiple occasions was witnessed by plaintiff, pod workers, and inmates on his cell phone playing for 10 hours out of a 12 hour shift. Video camera footage will substantiate this fact. When he does have to perform a walk or deal with a situation he is extremely short, mean, temperamental and hostile. This was the case on the day of the incident involving this Civil Rights lawsuit. On Sunday September 19th, 2021 at approximately 2:00 p.m. the day shift Deputies allowed plaintiff's cuffing port / feeding port to be left open so plaintiff could watch the football games on the television downstairs. This was a courtesy granted for good behavior. At approximately 6:30 p.m. during evening pill call Defendant Ujdur accompanied the nurse and after administering plaintiff his medication attempted to slam shut the cuffing port while plaintiff's arms were hanging out watching the television. Plaintiff at that point attempted to explain to defendant Ujdur that the previous crew had allowed the port to be open and asked for permission for the cuffing port to remain open. Defendant Ujdur stated no and that he was on overtime. Plaintiff asked to speak to the regular non-overtime housing Deputy. Defendant Ujdur then came back with the regular housing Deputy, Deputy Quincey Martin to address the open cuffing port issue. Plaintiff's arms were hanging out of the port as he was watching the football game. As plaintiff attempted to explain how the previous crew allowed the port to be open, Defendant Ujdur lost his patience and temper and grabbed plaintiff's arms and wrist through the cuffing port and began to twist them with a motion consistent with breaking his arms at the elbow. Plaintiff screamed in pain. Deputy

Martin screamed at Deputy Ujdur to stop and hold on, inferring that he wanted to talk this out with plaintiff trying to de-escalate the situation. This did not stop Ujdur, rather he continued to pull plaintiff's arms also pushing plaintiff's elbows in different directions further trying to break plaintiff's arms at the elbow joints.  Deputy Martin opened the door as Ujdur called for a 242 on his walkie talkie which is a distress call for back-up.  Multiple Deputies ran into plaintiff's cell and they came up with night-sticks they had grabbed from the control / technician tower. As defendant Ujdur went into plaintiff's cell he grabbed one of the night sticks and proceeded to tackle plaintiff and got on top of plaintiff placing his knee on plaintiff's neck which is a illegal hold in California as on June 5th, 2020.  Defendant Ujdur then began to jab and hit plaintiff in his legs and back with the baton causing excruciating pain.  Deputy Ujdur was like an enraged animal that could not be stopped even by his fellow Deputies who tried to contain him.  Plaintiff Ujdur continued to beat plaintiff with the baton repeatedly as he continued to kneel on plaintiff's neck.  Plaintiff was then lifted up and was taken down the stairs.  While being led down the stairs defendant Ujdur stepped on plaintiff's foot several times and attempted to push plaintiff down the stairs.  Deputy Martin caught plaintiff and broke the fall.  Plaintiff was led to a isolation cell where while in the isolation cell defendant Ujdur threw plaintiff on the concrete floor and again put his knee behind plaintiff's neck and continued to jab plaintiff in the ribs and legs with a baton. Plaintiff never was allowed to go to medical to receive treatment for his injuries.  This incident had a profound affect on plaintiff causing him extreme emotional and psychological

the 8th Amendment, plaintiff has suffered, is suffering and will continue to suffer injuries in the form of pain and suffering, shame, humiliation, degradation, emotional distress, embarrassment, mental distress and other injuries.

As a direct and foreseeable result of the defendant's violations of the Eight Amendment, plaintiff has suffered, is suffering and will continue to suffer physical injuries in the form of damage to his legs, neck, and other injuries.

An actual controversy exists between plaintiff and defendants concerning their rights, privileges, and obligations.

Defendant's acts were willful, intentional, malicious, wanton, and despicable in conscious disregard of plaintiff's rights, entitling plaintiff to an award of exemplary damages.

### Second Cause of Action

8th Amendment to the U.S. Constitution. (Plaintiff v. Sheriff Greg Ahern et.al.) The allegations contained in pages 1-8 inclusive are hereby incorporated by reference.

Defendant Sheriff Greg Ahern violated plaintiff's right to be free from cruel and unusual punishment guaranteed to the plaintiff by the Eighth Amendment of the United States Constitution by his failure to adequately train custody staff in the appropriate use of force, in the determination of an inmate's need for mental health crisis support and in the appropriate manner to facilitate such support, by his failure to supervise the other defendant and by his failure to properly train and staff adequate and competent attentive Deputies in the jail and in particular Housing unit 9, and or A-pod, investigate the incident or

suffering as plaintiff did not speak to podworkers, inmates, or deputies for 7 days. Plainitff already suffers from PTSD and this incident added to his stress level, anxiety, depression, and PTSD.

## VI Causes of Action

### First Cause of Action

(42 U.S.C § 1983, 8th Amendment to the U.S. Constitution. (Plaintiff v. Sheriff Greg Ahern et.al.)allegations contained in pages 1-7 inclusive are hereby incorporated by reference.

Defendant Ujdur violated plaintiff's right to be free from cruel and unusual punishment guaranteed to the plaintiff by the Eights Amendment of the Unites States Constitution by his actions of intimidation, abuse, harassment, excessive force, and other violations of the law against plaintiff.

Defendant Ujdur's wrongful actions alleged herein are in violation of 42 U.S.C § 1983 because they have deprived plaintiff of rights, benefits, and privileges secured by the Unites States Constitution.

Defendant Ujdur acted under color of state law.

Defendant Ujdur knew or should have known that his conduct, attitudes and actions created an unreasonable risk of serious harm to plaintiff.

The actions and conduct of defendant Ujdur demonstrate deliberate indifference to plaintiff's 8th Amendment rights.

As a proximate result of the defendant's violation of plaintiff's right to be free from cruel and unusual punishment, plaintiff has suffered, is suffering, and will continue to suffer irreparable harm.

As a direct and foreseeable result of the defendant's violation of

discipline the other defendant Deputy Ujdur. Defendant violated plaintiff's rights to be free from cruel and unusual punishment guaranteed by the Eights Amendment to the US Constitution by allowing a lackadaisical environment in housing unit 9 where untrained, lazy overtime deputies and rookies are commonly assigned to work this very sensitive housing unit of behavioral health.

Defendant Sheriff Greg Aherns wrongful actions alleged herein are in violation of 42 U.S.C § 1983 because they have deprived plaintiff of rights,

Defendants Greg Ahern acted under color of state law.

Defendants Greg Ahern knew or should have known that their conduct, attitudes and actions and lack of actions created an unreasonable risk of serious harm to plaintiff.

The actions and conduct of defendant Greg Ahern demonstrate deliberate indifference to plaintiff's 8th$^t$ Amendment rights.

As a proximate result of the defendant's violation of plaintiff's right to be free from cruel and unusual punishment, plaintiff has suffered, is suffering, and will continue to suffer irreparable harm.

As a direct and foreseeable result of the defendant's violation of the 8th Amendment, plaintiff has suffered, is suffering and will continue to suffer injuries in the form of pain and suffering, shame, humiliation, degradation, emotional distress, embarrassment, mental distress and other injuries.

As a direct and foreseeable result of the defendant's violations of the Eight Amendment, plaintiff has suffered, is suffering and will continue to suffer physical injuries in the form of damage to his legs, neck, and other injuries.

An actual controversy exists between plaintiff and defendants concerning their rights, privileges, and obligations.

Defendant's acts were willful, intentional, malicious, wanton, and despicable in conscious disregard of plaintiff's rights, entitling plaintiff to an award of exemplary damages.

### VII Prayer for Relief

Wherefore, plaintiff respectfully prays for relief as follows:

1. Issue Declaratory Judgement that defendants actions complained of herein violated plaintiff's rights under the 8th Amendment of the U.S. Constitution
2. Issue Nominal Judgement in the amount of $1.00
3. Award plaintiff monetary damages, compensatory & punitive in the amounts to be determined at trial.

"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 19th day of April, 2022.

Respectfully submitted,

*[signature]*

Jesse Alexander

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the

District of

Division

| | |
|---|---|
| Jesse Alexander <br> ──────────────────────── <br> *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* <br> -v- <br><br> Sheriff Gregory Ahern & Deputy Richard Robert Ujdur III <br> ──────────────────────── <br> *Defendant(s)* <br> *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Case No. ──────────────── <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)*  ☒ Yes  ☐ No |

## COMPLAINT FOR A CIVIL CASE

**I.   The Parties to This Complaint**

**A.   The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Jesse Alexander |
| Street Address | 1025 104th Ave |
| City and County | Oakland, CA 94604 |
| State and Zip Code | |
| Telephone Number | 209-260-1684 |
| E-mail Address | jalexander051983@gmail.com |

**B.   The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
Name: Deputy Richard Robert Ujdur III
Job or Title *(if known)*: Sheriff Deputy
Street Address: 5325 Broder Blvd, Dublin, CA 94568
City and County:
State and Zip Code:
Telephone Number: 925-551-6500
E-mail Address *(if known)*:

Defendant No. 2
Name: Sheriff Gregory Ahern
Job or Title *(if known)*: Deputy Sheriff
Street Address: 4985 Broader Blvd
City and County: Dublin, CA 94568
State and Zip Code:
Telephone Number: 925-803-7800
E-mail Address *(if known)*:

Defendant No. 3
Name:
Job or Title *(if known)*:
Street Address:
City and County:
State and Zip Code:
Telephone Number:
E-mail Address *(if known)*:

Defendant No. 4
Name:
Job or Title *(if known)*:
Street Address:
City and County:
State and Zip Code:
Telephone Number:
E-mail Address *(if known)*:

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question     ☐ Diversity of citizenship

Page of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Fill out the paragraphs in this section that apply to this case.

**A.   If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

8th Amendment to the US Constitution, Cruel and Unusual Punishment

**B.   If the Basis for Jurisdiction Is Diversity of Citizenship**

1.   The Plaintiff(s)

   a.   If the plaintiff is an individual
   The plaintiff, *(name)* Jesse Alexander _____, is a citizen of the State of *(name)* California _____.

   b.   If the plaintiff is a corporation
   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.   The Defendant(s)

   a.   If the defendant is an individual
   The defendant, *(name)* Sheriff Gregory Ahern & Richard Udjur , is a citizen of the State of *(name)* California _____. Or is a citizen of *(foreign nation)* _____.

   b.   If the defendant is a corporation
   The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

III. **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Please see attached complaint

IV. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

MOnetary damages for punitive, physical injury, psychological and emotional damages.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 4/19/2022

Signature of Plaintiff

Printed Name of Plaintiff      Jesse Alexander      Pro Se

### B. For Attorneys

Date of signing: _____

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address